UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION


MILTON HUBERT RINEHART                                          PETITIONER

V.                                          CIVIL ACTION NO.1:07CV87-GHD-JAD

LAWRENCE KELLY                                                  RESPONDENT


## REPORT AND RECOMMENDATION

The respondent has filed a motion to dismiss the petition for habeas corpus as untimely (Doc.

5).  Rinehart responds that the petition is timely filed and alternatively that he is entitled to equitable

tolling.

The Anti-Terrorism and Effective Death Penalty Act establishes the procedure for federal

habeas petitions.  28 U.S.C. §2244(d) provides, in pertinent part:

> (D)(1) A 1-year period of limitation shall apply to an application for
> a writ of habeas corpus by a person in custody pursuant to the
> judgment of a State court.  The limitation period shall run from the
> latest of –
>          (A) the date on which the judgment became final by the
> conclusion of direct review or the expiration of the time for seeking
> such review;
>          **** [1]

---

[1]    The other dates that may trigger a later running of the statute are: "(B) the date on
which the impediment to filing an application created by State action in violation of the Constitution
or the laws of the United States is removed, if the applicant was prevented from filing by such State
action;  (C) the date on which the constitutional right asserted was initially recognized by the
Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively
applicable to cases on collateral review; or (D) the date on which the factual predicate of the claim
or claims presented could have been discovered through the exercise of due diligence.  28 U.S.C.
§ 2244(d)(1) and (2).  There has been no showing that these provisions are applicable to this case.

> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

The petitioner was convicted of murder on November 15, 2001 in the Circuit Court of Alcorn County and was sentenced to life in prison on the same date. Rinehart appealed and his conviction and sentence were affirmed by the Mississippi Supreme Court on October 7, 2004. Adding ninety days, the time allowed for the filing of a petition for writ of certiorari, Rinehart's state court judgment became final on January 5, 2005. The respondent asserts that Rinehart's statute of limitations began to run on that date. Because neither a state nor federal petition was filed within the next year, the present petition filed long after January 5, 2006 is untimely.

The respondent asserts that his state post-conviction motion, filed more than one year after his conviction became final, but within the time allowed by Mississippi law was" a properly filed" state court application for post-conviction relief. His argument is that so long as state law allows for the proper, timely filing of an application that the federal statute is tolled. In other words, according to Rinehart, the federal statute is tolled for up to the three year period of limitations allowed by Mississippi law and then up to one year after the final ruling by the state court. Congress could have written the law that way and avoided some of the confusion that has resulted from Mississippi having a longer period of limitations and from the necessity for exhausting state remedies. But that is not the way Congress opted to write the law. The statute provides that the time during which "a properly filed application" is in fact pending shall not be counted toward any period of limitation. It is the actual pendency of a state application, not the availability of a state remedy that triggers

tolling of the federal statute. Because there was no state application filed within one year, there is no tolling and this petition was not timely filed.

Rinehart asserts that he is entitled to equitable tolling asserting because he has been deprived of access to research materials. He says he could only file this petition when his parents obtained the services of an out-of-state researcher. Research materials, including a first step packet which explains the federal time limits, is available on request to every inmate with the Mississippi Department of Corrections through the Inmate Legal Assistance Program. Every inmate is advised of the existence of ILAP and how to request assistance from ILAP. *Neal v. Bradley,* 2006 WL 2796404 (N. D.Miss. 2006). Rinehart's failure to research this issue on a timely basis and his ignorance of the law are no excuse. *Id.*.

The undersigned recommends that the motion to dismiss be granted and the petition dismissed with prejudice.

The parties are referred to 28 U.S.C. 636(b)(1) and Local Rule 72.2(D) for the appropriate procedure in the event any party desires to file objections to these findings and recommendations. Objections are required to be in writing and must be filed within ten days of this date. Failure to file written objections to the proposed finding and recommendations contained in this report within ten days from the date of filing will bar an aggrieved party from challenging on appeal both the proposed factual findings and the proposed legal conclusions accepted by the district court *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Petitioner is directed to acknowledge receipt of this report and recommendation by signing the enclosed acknowledgment form and returning it to the court within ten days of this date. Petitioner is warned that failure to comply with the requirements of this paragraph may lead to the

dismissal of this lawsuit under F.R.Civ.P. 41(b) for failure to prosecute and for failure to comply with an order of the court.

This the 17th day of August, 2007.

/s/ JERRY A. DAVIS
UNITED STATES MAGISTRATE JUDGE